## SIDEWALKS LAID BY CONSENT AND BY ORDINANCE AT DIFFERENT LEVELS.

[Circuit Court of Cuyahoga County.]

PETER F. McGUIRE v. THE VILLAGE OF EAST CLEVELAND AND EDWARD LESLIE, STREET COMMISSIONER OF SAID VILLAGE.

Decided, July 24, 1903.

*Sidewalk—Grade Established by Ordinance—By Consent—Reasonable Grade—Ingress and Egress from Abutting Lot—Easement in Street —Injunction.*

Along a street having a grade regularly established by ordinance, lot owners were tacitly permitted to lay a sidewalk considerably higher than the established grade, in order that they might preserve their shade trees and adapt the walk to their lawns and other permanent improvements. McG., a lot owner in this square, chose at a later date, however, to grade his lot down to conform with the established grade, and laid a sidewalk on that grade, which was a foot lower than the walk in front of the lots on either side, though the walks on one-half or more of the length of the square on the same side of the street had been laid in accordance with the established grade. The village ordered this walk taken up and relaid on the grade of the walk as laid on either side of the lot in question, and McG. sued to enjoin such action. *Held:*

1. The plaintiff having laid his walk as the ordinance required, the village can not remedy the resulting inconvenient and dangerous condition by interfering with this walk which corresponds to the established grade, but rather should require those on either side to lower their walks to the established grade. *Akron v. Chamberlain*, 34 O. S., 328, distinguished.

2. Neither can the village be heard at this time to question whether the established grade is a reasonable and proper grade, but is bound by its acts on that subject.

3. The plaintiff having graded his lot to conform with the established grade of the street, the village can not now, by a change of grade, interfere with his ingress and egress, or with his easement in the street, which "is as much property as the land itself." (

MARVIN, J.; LAUBIE, J., and WINCH, J., concur.

Heard on appeal.

The defendant, the Village of East Cleveland, is a municipal corporation of the state of Ohio; the other defendant is the officer

of said village, having especial charge of its streets. The plaintiff is a citizen of said municipality.

One of the public highways of said municipality is Windemere street, extending southwardly from Euclid avenue, an east and west street, to another east and west street known as Terrace road.

The plaintiff owns two lots fronting on the west side of Windemere street. One of these lots has a frontage of 100 feet, and the other of 60 feet, on said last-named street. The grade of said street was established by ordinance prior to the time when the matter discussed in this opinion occurred, and the street has been graded, paved and curbed in accordance with said established grade.

Ordinance No. 107 of said village was passed on the 7th day of September, 1900, and is in these words:

"Be it ordained by the Council of the Village of East Cleveland that all sidewalks hereafter constructed on any public street, or highway within the Village of East Cleveland, shall be so laid that the top surface shall at all points coincide with a line described as follows:

" 'Beginning at the curb line, within the established curb grade as determined by the Council, thence extending to the street line, at right angles to the curb line, with a rise of three-eighths of an inch to the foot.' "

Prior to 1903, property owners on the west side of Windemere street for one-half the distance or more from Terrace road to Euclid avenue had laid sidewalks in conformity with this ordinance, and in the fall of 1902, the plaintiff laid a sidewalk in front of his 100-foot lot in accordance with this ordinance, and nothing further need be said about this lot.

The grading of said Windemere street in accordance with the grade established by order of the council, was done in the summer of 1901. This grading northerly from a point about one-half the distance from Terrace road to Euclid avenue, necessitated a cut of from three or four inches to about twelve inches.

Prior to said grading and paving, many lots along this northerly half of the west side of Windemere street had been improved by the erection of good dwelling houses, the grading of lawns, the setting out of fine shade trees, and the laying of sidewalks—some of them ten or twelve inches higher than the elevation therefor pro-

vided in said ordinance No. 107, and nothing was done by the village authorities toward having any change made in these sidewalks; but, as averred in the answer filed by the village herein—

"The same was left in its former condition for the purpose of preserving the shade trees growing therein, thereby adding to the beauty of the street, the value of the property, and the enjoyment of the citizens of East Cleveland, particularly of the residents living on Windemere street."

The 60-foot lot of this plaintiff is on this part of the street, where the sidewalks are much higher than is provided by said Ordinance No. 107. Up to the month of April, 1903, this lot of plaintiff had no sidewalk in front of it; nor had the surface along where the sidewalk should be cut down for the purpose of laying such sidewalk, but such surface was about on a level with the sidewalks in front of the lots abutting upon this lot both on the north and south sides.

At the time last mentioned the plaintiff graded his said lot and took away the earth along the front where the sidewalk should be, and laid a good sidewalk of flagging at the grade fixed by Ordinance 107. This is about ten inches lower than the adjoining sidewalk both on the north and to the south, thereby making it inconvenient and, perhaps, dangerous to walk along said west side of Windemere street on the sidewalk. The village has put up some barrier or guard at each end of the plaintiff's walk, and has directed the defendant, Leslie, as street commissioner, to take up said sidewalk and re-lay the same at the same grade as the walk immediately on the north and south, and this will be done unless the defendants shall be enjoined. The plaintiff prays for such injunction.

On the 11th of August, 1902, a resolution was introduced in the council of said village, and was voted for by a majority of the members of said council, which reads in part:

"*Resolved*, That a sidewalk on the westerly side of Windemere street, between Euclid avenue and Terrace road be laid with stone or cement to the full width of five feet, and in conformity with the grade line of the sidewalk heretofore laid on said westerly side of Windemere street." * * *

This resolution was not read on three different days in the council, nor was the rule requiring such reading dispensed with by a vote of three-fourths of the members elected to such council, as is

required by Revised Statutes, Section 1694, for all by-laws, resolutions and ordinances of a general nature.

That this was a resolution of a general nature can hardly be doubted, and, indeed, is substantially admitted by defendant's counsel. See *Thatcher* v. *City of Toledo et al,* 19 C. C. R., 311; *Campbell* v. *Cincinnati et al,* 49 O. S., 463.

This resolution not having been legally adopted, can not affect the decision of the case under consideration.

On the part of the defendant it is urged, however, that the defendant village, under Revised Statutes, Section 2640, is, through its council, required to keep the sidewalks in repair and free from nuisance, and because of the character of the sidewalk along this part of Windemere street, it is in a dangerous condition since the laying of plaintiff's walk, such council may take such means as to it shall deem best to abate the nuisance, and the case of *Wilhelm* v. *Defiance,* 58 O. S., 56, is cited in support of this contention. The syllabus in that case reads:

"A municipal corporation, having in the proper mode provided for the construction of a sidewalk and notified the owner of abutting land, may require of him the construction of a sufficient walk in front of his premises, and upon his default may itself construct such walk and assess the cost thereof upon his land," etc.

Nothing in the case tends to establish that the municipal authorities may remove a sidewalk laid in accordance with the provisions of law and the ordinances of the municipality, for the purpose of relieving those whose walks are not so laid, from the obligation of properly laying their walks.

The situation here is this: The plaintiff constructed his walk substantially as the village ordinance required. His neighbors had been tacitly permitted to construct their walks in violation of the ordinance. The result is, that the walk, as a whole, is in a dangerous, or, in any event, a very bad condition. The village proposes to remedy this condition by interfering with the walk laid in pursuance of law, rather than by interfering with the walks of those maintained in violation of law—a most extraordinary way of righting a wrong! It would seem to the ordinary man that the proper thing for the village to do would be to make or cause to be made such alterations in the sidewalks in front of the premises of the

neighbors of the plaintiff as to relieve the situation and make the sidewalk as a whole safe and free from nuisance.

It is urged, however, that the plaintiff is not entitled to relief by way of injunction, because his hands are not clean; that he, for the purpose of laying his sidewalk, excavated within the street line in violation of an ordinance of the village. This ordinance, which is No. 117, prohibits the excavation and removal of earth upon the street without a permit from the municipal authorities. Plaintiff removed so much earth along the line of his proposed sidewalk as was necessary for the laying of such walk in accordance with the provisions of Ordinance No. 107.

It is hardly to be supposed that said ordinance No. 117 was intended to prohibit such removal. Doubtless, if he had removed more than was reasonably necessary for this purpose, he would have violated the spirit of this ordinance, but to do only what was necessary to comply with Ordinance No. 107 should not be held to be a violation of No. 117, unless a fair construction of No. 117 necessitates such holding, which does not seem to be the case here.

Much was said on the hearing, and evidence was offered upon the question of what is a reasonable and proper grade for this sidewalk; but, so far as the village is concerned, this is not an open question. It is bound by its own acts upon this subject. It fixed the grade of the street by ordinance, and fixed the relation which the surface of the sidewalk should sustain to the surface of the paved portion of the street by ordinance, and it can not question that the grade so fixed by it is reasonable and proper.

A further contention on the part of the plaintiff is, that as the property owners for a considerable distance on either side of plaintiff's lot had been permitted to make improvements and lay their walks at the higher grade, a special grade was thus established for this portion of Windemere street. In support of this, the case of *Akron* v. *The Chamberlain Co.*, 34 O. S., 328, is cited. The language of the court, relied upon here, is found in the opinion of Judge McIlvaine, on page 336, and is in these words:

"The establishment of a grade whereby lot owners are justified in assuming that no change will be made in the grade of a street, and may, therefore, improve their lots with reference to its present condition, * * * does not necessarily require the passage

of an ordinance or other legislative action; but it may be shown, by the nature of the improvement on the surface of the street, under the direction or sanction of the proper authorities whether in accordance with an ordained grade line or not," etc.

The question under consideration by Judge McIlvaine was whether a municipal corporation would be bound by its acts showing that it recognized a certain grade of a street, where no grade had been established by ordinance, and the fair construction of the language quoted is only to the effect that it would be so bound, and not that it would *not* be bound by a grade established by ordinance, because it had permitted such use of the street as might indicate some other grade. Applied to the case under consideration, if the court should hold that plaintiff was bound, in putting down his sidewalk, to take notice of the grade at which his neighbors had put theirs down, he would have been bound to ignore an existing ordinance of the village, which surely could not be required of him.

It is urged further that if plaintiff is entitled to any remedy he must seek it in damages, and not by way of injunction.

The act which the village and the street commissioner propose to do will result in permanent injury to the lot of the plaintiff, which has been graded to conform to the sidewalk as it is now laid. It will interfere with the ingress to and egress from said lot; it will interfere with that easement which the plaintiff has in that portion of the street, and that easement our Supreme Court has said "is as much property as the land itself."

If the sidewalk is raised, as the defendants propose to raise it, it will constitute a permanent obstruction to plaintiff's access to his lot from the street. This is surely a proper subject of injunction.

Upon a full consideration of the case, the result reached is that the plaintiff is entitled to an injunction restraining the defendants, and each of them, from making any change in the sidewalk in front of plaintiff's 60-foot lot, and a decree will be entered accordingly.

*J. F. Herrick,* for plaintiff.

*lfred Clum,* for defendant.